(91 South. 251)

No. 24262.

### SMITH v. JEFFERSON.

(Feb. 27, 1922.)

*(Syllabus by Editorial Staff.)*

Divorce ⬤▭129(16)—Evidence held insufficient to prove adultery.

Evidence *held* insufficient to warrant the granting of a divorce on the ground of adultery.

Appeal from Civil District Court, Parish of Orleans; Hugh C. Cage, Judge.

Suit by Shepard Smith against Carrie L. Jefferson, his wife. From judgment for defendant, plaintiff appeals. Affirmed.

Arthur B. Leopold and E. Howard McCaleb, Jr., both of New Orleans, for appellant.

Robert O'Connor, of New Orleans, for appellee.

By Division B, composed of Justices O'NIELL, LAND, and BAKER.

BAKER, J. From a judgment rejecting his demand and dismissing his suit for a divorce on the ground of adultery, plaintiff appeals. The judge who tried the case concluded that the testimony of the plaintiff and of the two witnesses who undertook to corroborate his statement was unworthy of belief; and we concur in that opinion.

The testimony of the three witnesses refers to the one and only offense charged in the petition. The suit was filed on the 8th of April, 1918; the allegation being that the defendant had left the matrimonial domicile on the 18th of September, 1915, and had subsequently committed adultery with one Henry Combs at No. 1234 Annette street in New Orleans. Defendant's attorney filed an exception, complaining that the petition was vague and indefinite, in that it did not state the date or time of the alleged offense. In response to the exception, plaintiff filed a supplemental petition on the 2d of December, 1918, averring that defendant had committed adultery on Saturday, the 18th of September, 1918, at 1234 Annette street, with Henry Combs. We have no doubt that the writing of the year 1918 was an accident; the intention being to say 1915. That seems quite certain, because the supplemental petition charged that the offense was committed on the same day of the same month at the same place and with the same man as charged in the original petition; and it is not pretended by plaintiff or any witness that more than one such offense was committed. It is not possible that the charge made in the original petition had reference to an offense committed on the 18th of September, 1918, because the petition was filed more than five months before that date. And yet, strange to say, plaintiff testified positively

and insistently that the offense was committed on the 18th of September, 1918. He produced a memorandum of the date, which he swore he had made at the time. One of his witnesses says he was not sure of the day or the month, but was sure it was in September, 1918. The other witness testified that the offense was committed, not on the 18th, but on the 16th of September, 1915, and that he checked the date on a calendar at his home on the 17th. He produced a calendar for 1915, showing a pencil mark across the "17." Plaintiff and both of his witnesses testified that they were certain the offense was committed on a Saturday afternoon about 3:30 o'clock. The 18th of September, in 1915, was Saturday, but in 1918 the same date fell on Wednesday. Plaintiff insists that the offense was not committed on the 18th of September, 1915, because that was the day on which his wife abandoned the matrimonial domicile, and he insists they had been separated a long time when, as he says, the offense was committed. The story told by these witnesses is an improbable one, and we see no reason for incumbering this opinion with it.

Defendant was the only witness on her side of the case, and it is argued that the failure of the alleged corespondent to come forward and testify in defense of his own and her honor is a strong circumstance against her. But that circumstance is not important, in view of the fact that the parties to the suit, the witnesses, and the alleged corespondent were colored people, of little or no prominence in the community. Such persons, particularly in a large city, cannot be readily located. The record shows that defendant and her attorney did attempt to have the alleged corespondent in attendance at the trial. If he had testified in defense of himself and the woman in the case, it would have been nothing more than what

we may now presume he would have done if he had had the opportunity.

The judgment is affirmed, at appellant's cost.